# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK TOLBERT, | |
| Petitioner, | Civil Action No. 16-4165 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter has come before the Court on a Petition for Writ of Habeas Corpus by Petitioner Mark Tolbert pursuant to 28 U.S.C. § 2254. On July 14, 2016, the Court ordered Respondents to answer. (Order, July 14, 2016, ECF No. 2.) Presently before the Court is Respondents' motion to dismiss, ECF No. 7, arguing that the Petition is untimely under federal law. It appearing:

1. Federal law requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that

the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"). Federal law also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). That is, Petitioner's one-year limitations period would be statutorily tolled during the pendency of any state application for post-conviction relief ("PCR").

2. Respondents' sole argument that the Petition is untimely is that because Petitioner's state court appeal of his PCR denial was itself untimely filed, the PCR appeal was not "properly filed," so Petitioner was not entitled to statutory tolling during the pendency of that appeal. Without such statutory tolling, Petitioner's one-year limitations period would have long expired prior to the filing of the Petition. According to Respondents, Petitioner's PCR application was initially denied on June 25, 2013. (Mot. to Dismiss 11, ECF No. 7.) Petitioner did not appeal that denial until September 25, 2013. (*Id.*) State rules require that an appeal be filed within 45 days, *see* N.J. Ct. R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011), so the PCR appeal was clearly untimely on its face.

3. However, the operative question of whether Petitioner was entitled to statutory tolling is whether his PCR appeal was "properly filed," not whether it was facially timely. The rationale for this is simple: there may be a myriad of reasons why a state court would accept a facially untimely filing, not the least of which is that a petitioner may have good cause to excuse the delay. Federal courts have no authority to second-guess the state court's prerogative in determining whether to accept a facially untimely filing in its own court—we simply review the record to see whether the filing was accepted by the state court as timely. *See Carey v. Saffold*,

536 U.S. 214, 227 (2002). As such, when the state court does not explicitly address whether an appeal was timely filed, but instead addresses the appeal on the merits, federal courts "must . . . determine what the state courts would have held in respect to timeliness." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 86 (3d Cir. 2013) (quoting *Evans v. Chavis*, 546 U.S. 189, 198 (2006)).

4. Here, according to the record submitted by Respondents, the state appellate court did not address the timeliness question in its decision, but instead affirmed the PCR denial on the merits. *See State v. Tolbert*, No A-0448-13T3, slip op. (ECF No. 7-21). But the record is silent on whether Petitioner had sought for an extension of time to file an appeal or permission to file an appeal out-of-time, nor is there any indication whether the state court had granted or rejected such requests. The Court, therefore, does not have enough information to determine what the state court would have held in respect to timeliness. Given that New Jersey state courts routinely accept facially untimely appeals, *see State v. Altman*, 181 N.J. Super. 539, 577 (App. Div. 1981), this Court cannot find that the PCR appeal was not properly filed. *See Jenkins*, 705 F.3d at 88 (finding a petition for certification filed with the state court was "properly filed" when the state court denied the petition on the merits, and the state court had a common practice for granting motions to extend time to file). On a motion to dismiss, it is the movant's burden to establish that no claim has been presented, and Respondents have not met their burden. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Accordingly, the Court finds that Petitioner is entitled to statutory tolling during the pendency of his PCR appeal, and Respondent's motion to dismiss is denied.

**IT IS** therefore on this  19th  day of  December , 2016,

**ORDERED** that Respondents' motion to dismiss, ECF No. 7, is hereby **DENIED**; it is further

**ORDERED** that Respondent shall file an answer within 45 days from the entry of this Order, consistent with the Court's directives in its prior order to answer, ECF No. 2; it is further

**ORDERED** that Petitioner may file and serve a reply within 45 days after Respondents file the answer; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

Michael A. Shipp
United States District Judge